**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling**

**TANNER RAY HEDRICK,**

        Plaintiff,

    v.                                                               **Civil Action No. 5:24-CV-97**
                                                                                Judge Bailey

**PATRICK MORRSEY, WILLIAM
K. MARSHELL, III, SHELBY O.
SEARLS, ROBERT KESLING,
CAPTAIN ANDREW HINCHMAN,
CAPTAIN STEVEN Z. HINCHMAN,**
and **MATTHEW BRISKY,**

        Defendants.

**REPORT AND RECOMMENDATION**

**I. Background**

On May 20, 2024, the plaintiff, a state inmate incarcerated at Huttonsville Correctional Center in Huttonsville, West Virginia, filed a *pro se* Complaint against the above-named defendants pursuant to 42 U.S.C. § 1983.  This matter is assigned to the Honorable John Preston Bailey, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

**II. The Complaint**

In his Complaint, plaintiff alleges five claims arising out of an incident on February 7, 2024.  Plaintiff alleges that while he was in a mesh cage holding cell, defendants Brisky and Andrew Hinchman approached the cell and Brisky began threatening plaintiff.  He

1

alleges that Hinchman ignored the threats Brisky made, and that after plaintiff slipped a left handcuff off himself, Brisky yelled at him to cuff up before spraying him "for no reason." [Doc. 1 at 9].  Plaintiff alleges that Brisky used excessive force against him and that Hinchman failed to protect plaintiff.  [Id.].

In his second claim, plaintiff alleges that Captain Steven Z. Hinchman "failed to provide redress" by throwing away and denying a grievance form he received from plaintiff on February 8, 2024.  [Id. at 10].  In his third claim, plaintiff alleges that Robert Kesling and Shelby O. Searls were deliberately indifferent because they were aware of the use of force.  [Id.].  Construing the claim liberally, it appears plaintiff is objecting to their role in denying his administrative grievances.  In claim four, plaintiff alleges that the Commissioner of the West Virginia Division of Corrections and Rehabilitation, William K. Marshall III[1], was negligent and deliberately indifferent by affirming the above decision. [Id.].  Finally, in claim five, plaintiff alleges that the Attorney General, Patrick Morrisey, was deliberately indifferent because he was aware of the incident and "has done nothing to file on Mr. Hedrick behalf."  [Id.].

### III. Standard of Review

**A.    Section 1983 Claims**

The Supreme Court has held that:

> Title 42 U.S.C. § 1983 provides a cause of action against "[e]very person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws...." The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive

---

[1] The undersigned notes that the Complaint misspells the names of defendants Marshall and Morrisey; because it is clear who plaintiff is referring to, the Court uses the correct spellings throughout this document.

> individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.

***Wyatt v. Cole***, 504 U.S. 158, 161 (1992) (citing ***Carey v. Piphus***, 435 U.S. 247, 254–257 (1978)).  In ***Gomez v. Toledo***, 446 U.S. 635 (1980), the Supreme Court succinctly stated what a plaintiff must allege to sustain a civil rights action:

> By the plain terms of § 1983, two—and only two—allegations are required in order to state a cause of action under that statute. First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law.

***Gomez***, 446 U.S. at 640.

**B.    Review of Prisoner Cases**

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious.  Pursuant to 28 U.S.C. § 1915A(b), a court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact.  ***Neitzke v. Williams***, 490 U.S. 319, 325 (1989).  However, the court must read *pro se* allegations in a liberal fashion.  ***Haines v. Kerner***, 404 U.S. 519, 520 (1972).   A complaint which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous.  *See* ***Neitzke*** at 328*.*  Frivolity dismissals should only be ordered when the legal theories are

3

"indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless." ***Denton v. Hernandez***, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See ***Estelle v. Gamble***, 429 U.S. 97, 106 (1976).

## IV. Discussion

Based on a preliminary review of the Complaint, the undersigned finds that the Complaint should be dismissed as frivolous. Turning to the first claim, taking the facts as alleged by plaintiff, plaintiff has failed to state a claim for excessive force. Analysis of a claim for use of excessive force begins with "identification of the specific constitutional right allegedly infringed by the challenged application of force." ***Graham v. Connor***, 490 U.S. 386, 394 (1989). In the context of a claim by a prisoner that he was subjected to excessive force by prison employees, the source of the ban against such force is the Eighth Amendment's ban on cruel and unusual punishments. The validity of a prisoner's claim must be "judged by reference to th[is] constitutional standard…rather than to some generalized 'excessive force' standard." ***Graham***, 490 U.S. at 394; see e.g., ***Whitley v. Albers***, 475 U.S. 312, 318-326 (1986) (claims of excessive force to subdue convicted prisoner is to be analyzed under an Eighth Amendment standard).

A prison official violates the Eighth Amendment when two requirements are met: (1) the alleged punishment or act is sufficiently serious that it violates contemporary standards of decency; and (2) the prison official must have a sufficiently culpable state of mind. ***Farmer v. Brennan***, 511 U.S. 825, 834 (1994); ***Rhodes v. Chapman***, 452 U.S. 337, 347 (1981). The inmate must prove the correction officer's actions were "'objectively

---

[1] ***Id***. at 327.

harmful enough' to offend 'contemporary standards of decency.'" **Stanley v. Hejirika**, 134 F.3d. 629, 634 (4th Cir. 1998) (quoting **Hudson**, 503 (U.S. at 8). In assessing this component, the court must ask whether "the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." *Id*. (quoting **Wilson v. Seiter**, 501 US 294, 298 (1991)). When prison officials use force to cause harm maliciously and sadistically, "contemporary standards of decency always are violated … This is true whether or not significant injury is evident." **Hudson**, 503 U.S. at 9. However, "'[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights.'" *Id*. (quoting **Johnson v. Glick**, 481 F.2d 1028, 1033 (2d Cir. 1973).

The subjective component of the claim requires an inmate to demonstrate that the force used by an institutional official, "inflicted unnecessary and wanton pain and suffering." **Hudson v. McMillian**, 503 U.S. 1, 7 (1992). The question of whether the measure taken inflicted unnecessary and wanton pain and suffering turns on "whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id*. (citing **Whitley v. Albers**, 475 U.S. 312, 320-21 (1986)). In determining whether a prison official acted maliciously and sadistically, the court should consider the following: "the need for application of force, the relationship between the need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts to temper the severity of a forceful response." **Hudson**, 503 US at 7 (internal quotation marks omitted).

Here, the undersigned concludes that plaintiff has not alleged facts sufficient to establish either component. According to the Complaint, plaintiff slipped out of handcuff

restraints, he held his hands in front of him, and only after Brisky repeatedly told him to "cuff up" did Brisky use pepper spray. [Doc. 1 at 9]. Plaintiff also alleges that prior to Brisky using the spray, plaintiff had threatened Brisky. [Id.]. In an attached affidavit, plaintiff states that after being told to cuff up, he told Brisky "I would if he stop yell for God darn minute" and that he was sprayed after this occurred. [Doc. 1-1 at 5]. Although the undersigned is hesitant to recommend dismissal of an excessive force claim on initial review, in this instance, even taking plaintiff's version of facts as true, the facts alleged clearly do not rise to the level of a constitutional violation. Similarly, because the facts alleged do not constitute excessive force, plaintiff cannot show that Hinchman's "failure to protect" plaintiff rose to the level of an Eighth Amendment claim.

Next, turning to claims Two through Four, which all allege that prison officials were deliberately indifferent or negligent by denying plaintiff's administrative grievances or failing to intervene after-the-fact, these do not form the basis of constitutional violations. A government official is only liable for his own misconduct. ***Ashcroft v. al-Kidd***, 563 U.S. 731, 735 (2011) (citations omitted); ***Ashcroft v. Iqbal***, 556 U.S. 662, 676–77 (2009); ***Trulock v. Freeh***, 275 F.3d 391, 402 (4th Cir. 2001) (citations omitted). In a civil rights case under § 1983, a plaintiff must make clear exactly *who* is alleged to have done *what* to *whom*, as distinguished from collective allegations against the government generally. ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 565 n. 10 (2007).

Because a government official is only liable for his own personal misconduct, a supervisory defendant is not vicariously liable for the misconduct of subordinate employees. ***Iqbal***, 556 U.S. at 676–77 (2009); ***Trulock,*** 275 F.3d at 402. Vague allegations that a supervisor was aware of subordinate misconduct are insufficient to

independently support liability. See **Patel v. Moron**, 897 F.Supp.2d 389, 401 (E.D. N.C. 2012). That is exactly the type of claims plaintiff attempts to bring here; however plaintiff chooses to phrase his claims, he is essentially arguing that these defendants should be held liable because they were supervisors who failed to address the use of force by Brisky.

As to claim Five, to the extent plaintiff attempts to hold the Attorney General liable for being made aware of the excessive force incident and doing nothing, he likewise cannot hold the Attorney General vicariously liable for simply being aware of this incident. Insofar has plaintiff contends that Morrisey was deliberately indifferent by failing to file a lawsuit on plaintiff's behalf, he has failed to allege a deprivation of a federal right.

## V. Recommendation

For the foregoing reasons, the undersigned recommends that the plaintiff's case be **DISMISSED WITH PREJUDICE**.

The petitioner shall have **fourteen days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the**

**Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is **DIRECTED** to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further **DIRECTED** to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED:** May 30, 2024.

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE