IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**TANNER RAY HEDRICK,**

      Plaintiff,

v.                                    **CIV. ACT. No. 5:24-CV-97**
                                          Judge Bailey

**PATRICK MORRSEY, WILLIAM
K. MARSHELL, III, SHELBY O.
SEARLS, ROBERT KESLING,
CAPTAIN ANDREW HINCHMAN,
CAPTAIN STEVEN Z. HINCHMAN,
and MATTHEW BRISKY,**

      Defendants.

## ORDER

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Mazzone [Doc. 9]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on May 30, 2024, wherein he recommends that this matter be dismissed with prejudice. For the reasons that follow, this Court will adopt the R&R.

### I. BACKGROUND/PROCEDURAL HISTORY[1] & STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made.

---

[1] The Court fully incorporates herein the sections entitled "Background" and "The Complaint" from the R&R.

However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." **Orpiano v. Johnson**, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. **Haines v. Kerner**, 404 U.S. 519, 520 (1972); **Gordon v. Leeke**, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Plaintiff timely filed his objections to the R&R [Doc. 11 ] on June 10, 2024. Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

## II. DISCUSSION

In the R&R, Magistrate Judge Mazzone recommends this matter be dismissed with

prejudice. Specifically, Magistrate Judge Mazzone cites plaintiff's failure to sufficiently plead an excessive force claim under the Eighth Amendment, plaintiff's failure to allege personal misconduct on the part of prison officials, and plaintiff's failure to allege a cause of action against Attorney General Morrisey as grounds for his recommendation that this matter be dismissed. *See* [Doc. 9 at 5–7].

Plaintiff objects to "assertions" by Magistrate Judge Mazzone that Plaintiff is suing defendants Brisky and Captain Andrew Hinchman in their official capacities. *See* [Doc. 11 at 1-2]. Specifically, plaintiff states that he reserved the right to sue defendants Brisky and Captain Andrew Hinchman under 42 U.S.C. § 1983 in "there [*sic*] unofficial capacity" in his Complaint. *Id*. Plaintiff further objects to Magistrate Judge Mazzone's recommendation that the matter be dismissed with prejudice, and plaintiff additionally states "[i]t is the objection of the Plaintiff on page 6 even the US Magistrate asserts he [*sic*] hesitant to recommend dismissal of an excessive force claim." *Id*. at 2.

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, *de novo* review is unnecessary." **Green v. Rubenstein**, 644 F.Supp.3d 723, 730 (S.D. W.Va. 2009) (citing **Orpiano v. Johnson**, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." **Williams v. New York State Div. of Parole**, 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012).

A party waives any objection to an R&R that lacks adequate specificity. *See* **Mario**

3

***v. P & C Food Markets, Inc.***, 313 F.3d 758, 766 (2d Cir. 2002) (finding that a party's objections to the magistrate judge's R&R were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendation . . . and unsupported by legal authority, [are] not sufficient." ***Mario***, 313 F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." ***Id.***; *see also* Fed. R. Civ. P. 72(b); LR PL P 12.

Plaintiff does not direct this Court to any specific error made by Magistrate Judge Mazzone. Instead, plaintiff merely attempts to characterize his claims against defendants Brisky and Captain Andrew Hinchman as being brought against these defendants in their "unofficial capacity." *See* [Doc. 11 at 1-2]. Plaintiff does not address the Magistrate's findings regarding the insufficiency of his allegations against these Defendants, nor the Magistrate's recommendations regarding the dismissal of his claims against the other defendants herein. As Plaintiff fails to identify specific errors made by Magistrate Judge Mazzone, *de novo* review is unnecessary. *See* ***Green***, 644 F.Supp.3d at 730 (citing ***Orpiano***, 687 F.2d at 47 (4th Cir. 1982)).

### III. CONCLUSION

Aside from the arguments addressed herein, a *de novo* review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law. Accordingly, the magistrate judge's report and recommendation [**Doc. 9**] is hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Plaintiff's objections [**Doc. 11**] are **OVERRULED**. This matter is hereby

4

**DISMISSED WITH PREJUDICE**.

It is so **ORDERED**.

The Clerk is directed to **STRIKE** this matter from the active docket of this Court and to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* plaintiff.

**DATED**: June **13**, 2024.

**JOHN PRESTON BAILEY**
**UNITED STATES DISTRICT JUDGE**